1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RESIDENTIAL INVESTMENTS LLC,

11          Plaintiff,                    No. CIV S-11-2633 JAM DAD PS

12      vs.

13  ANTONIO ARANDA, et al.,               ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15  _____/

16          By Notice of Removal filed October 6, 2011, this unlawful detainer action has

17  been removed from Yolo County Superior Court by defendants Antonio Aranda, Imelda Aranda,

18  and Heriberto Ponce, all three of whom are proceeding pro se.  The matter has been referred to

19  the undersigned for all purposes encompassed by Local Rule 302(c)(21).

20          Defendants' Notice of Removal is signed only by defendant Ponce, and defendant

21  Ponce is the only defendant who has filed an application to proceed in forma pauperis.

22  Defendants are advised that one party proceeding pro se may not represent any other party

23  proceeding pro se.  Local Rule 183.  Thus, each document submitted for filing by defendants

24  must bear the signatures of all three defendants.  In the absence of the signatures of defendants

25  Antonio Aranda and Imelda Aranda, the attempted removal is tantamount to a notice of removal

26  filed solely by defendant Ponce.

1

Turning to defendant Ponce's in forma pauperis application, the court finds that the defendant has failed to make the showing required by 28 U.S.C. § 1915. Defendant indicates that he receives wages of $585.35 per week, or $2,536.52 per month, and owns three vehicles. No information is provided concerning the income of the other defendants. Defendant has not demonstrated that he is unable to pay the $350 filing fee for this action, and even if he were to make such a showing, the court would not grant him leave to proceed in forma pauperis unless each of the other defendants also demonstrated indigence. Accordingly, defendant Ponce's application to proceed in forma pauperis will be denied.

It is evident from the number assigned to plaintiff's case in state court that the matter is an unlawful detainer action. Defendant Ponce alleges that he has attached "the entirety of the State Court file #UD11-750" and that "[n]o further proceedings to date have been filed." It is evident to the court, however, that such is not the case. Plaintiff could not have commenced the action without filing a complaint, which would necessarily be part of the state court file, yet no copy of plaintiff's complaint has been provided. In addition, defendant Ponce refers to a motion for summary judgment that was apparently granted by the state court, yet no copies of the motion and court order have been provided. Despite defendants' failure to provide the full state court record, the court discerns that the three defendants are the former owners of a property now owned by plaintiff and that plaintiff brought this action for the purpose of evicting defendants from the property.

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769,

771 (9th Cir.1986)).  Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

Here, defendants indicate that the state court granted judgment for plaintiff and that defendants filed a motion to vacate that judgment.  It appears that defendants' motion was set for hearing in the state court on the same day that defendants' notice of removal was filed in this district court.  The logical inference is that the state court denied defendants' motion. Defendants argue in conclusory fashion that federal question jurisdiction exists because plaintiff could have maintained its claims in any federal district court.

The court finds that defendants have failed to demonstrate that plaintiff's state court complaint alleges any claims other than the claims typically alleged in a garden-variety unlawful detainer action filed by a property owner against the former owner of property located in California, based wholly on California law.  Defendants have not shown that plaintiff's complaint involves any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court. See 28 U.S.C. § 1441(b).  Defendants' argument that particular California statutes were unconstitutionally applied to them demonstrates that if there is any federal claim in this action it arises solely from affirmative defense asserted by defendants and not from the claims alleged in plaintiff's unlawful detainer complaint.  Accordingly, the court finds that defendants have failed to meet their burden of establishing a basis for federal jurisdiction.

IT IS HEREBY ORDERED that defendant Ponce's motion to proceed in forma pauperis (Doc. No. 2) is denied; and

IT IS RECOMMENDED that this action be summarily remanded to the Superior Court of California, County of Yolo and this case be closed.

3

1    These findings and recommendations will be submitted to the United States

2  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, any party may file

4  written objections with the court and serve a copy on all parties.  A document presenting

5  objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

6  Any reply to objections shall be filed and served within seven days after service of the objections.

7  DATED: October 7, 2011.

8

9    _Dale A. Drozd_____

10    DALE A. DROZD
      UNITED STATES MAGISTRATE JUDGE

11  DAD:kw
    Ddad1\orders.pro se\residentialinv-aranda.ifpden.f&r.remand.ud

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26